United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 4, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

------

No. 03-30890
Summary Calendar

------

ROBERTO BAEZ,

Plaintiff-Appellant,

versus

BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT; DEAN A. HOLT,
Agent of IRS; JOHN ASHCROFT, U.S. ATTORNEY GENERAL;
MAXWELL WOOD, United States Attorney,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 03-CV-1307
--------------------
ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY and WIENER, Circuit Judges.[*]

PER CURIAM:[**]

The Supreme Court has vacated our opinion affirming the denial of the 28 U.S.C. § 2241 petition filed by Plaintiff-Appellant Roberto Baez, INS detainee # 90703, and remanded the case for further consideration in light of Clark v. Martinez, 125 S. Ct.

------

[*] Circuit Judge Charles W. Pickering, who was a member of the panel of this court that filed the original opinion in this case, has resigned from the court; so on remand from the Supreme Court, this appeal is being handled by quorum pursuant to 28 U.S.C. § 46.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

716 (2005). Baez filed this § 2241 petition, challenging his indefinite detention pending removal to his native country of Cuba. Baez argues that the district court erred in rejecting his claim that his indefinite detention violates his constitutional rights.

On May 11, 2005, Congress passed the REAL ID Act (the Act), which "divested the district courts of jurisdiction of § 2241 petitions attacking removal orders." Rosales v. Bureau of Immigration and Customs Enforcement, ___ F.3d ___, No. 04-10630, 2005 WL 1952867 at *2 (5th Cir. Aug. 16, 2005). Section 106(a) of the Act does not, however, preclude habeas review of challenges to detention that are independent of challenges to removal orders. See H.R. Rep. No. 109-72, at 300 (2005). As Baez challenges his detention rather than the removal order, we have jurisdiction to review the district court's denial of his petition. See id.

In Clark v. Martinez, the Supreme Court considered the § 2241 petitions of inadmissible aliens who had arrived in the United States from Cuba during the Mariel boatlift. 125 S. Ct. at 720. Their petitions challenged their indefinite detention beyond the 90-day removal period. Id. at 720-21. Applying the doctrine of constitutional avoidance in statutory interpretation, the Court determined that the statute at issue, 8 U.S.C. § 1231(a)(6), cannot be interpreted differently when it is applied to various types of aliens. Id. at 724-25. The Court rejected the argument that 8 U.S.C. § 1231(a)(6) authorizes detention under Zadvydas until it approaches constitutional limits. Id. at 726-27. The Court

2

determined that, because the government did not suggest a reason why the period of time reasonably necessary to effect removal is longer for an inadmissible alien, the six-month presumptive detention period applies. Id. at 727. As, in each case, the district court had found that removal to Cuba was not reasonably foreseeable, the Court determined that the aliens' petitions for habeas corpus should have been granted and remanded the cases for proceedings consistent with its opinion. Id.

In this case, Baez is an inadmissible alien who arrived in the United States from Cuba during the Mariel boatlift and who has been detained beyond the six-month presumptive detention period. As Baez's case is controlled by Clark, we vacate the district court's judgment and remand the case, directing the district court to enter a judgment granting Baez's § 2241 petition.

VACATED AND REMANDED.